Our next case for argument is United States v. Swinton. Mr. Adams, I'm sure if the audience knew what was coming next, they all would have stayed. Right, clearly. May it please the court, the Indiana state statute which Mr. Swinton was pled guilty to is not a crime of violence for purposes of 922 G9 and the basis for that is the statute does not include the use of force to which Mr. Swinton pled guilty. Specifically, subsection 2 states that he can be convicted if a person knowingly or intentionally in a rude, insolent, or angry manner places any bodily fluid or waste on a family or household member and that is distinguishable from subsection 1 which includes specifically the word touching. So it's our position that the Indiana legislature… Mr. Adams, your problem is the Supreme Court's holding in Castleman, which I notice your brief doesn't mention and which after the United States says is dispositive, you didn't file a reply brief. Isn't Castleman a problem for you? Castleman is distinguishable from this case in the sense that Castleman used… there was an element of force in Castleman in which the defendant in that case… The holding of Castleman is that any unconsented touching is force for purpose of this statute and being spat upon is an unconsented touching. What more does one need given Castleman? I think given the way that the Indiana legislature cited or drew up this statute makes a distinction between the touching and the rude or insolent manner. I think that the language is important because you can infer intent and motive based on action and in this case, Mr. Swinton in the underlying state case, spitting is different than hitting and I think that the distinction is also found in that statute. I think that's why Castleman is distinguishable from this case. And you think it's so easily distinguishable that you never had to mention it at all in your briefing? Well, I believe I did mention it in the briefing, Your Honor, but I do believe that Castleman itself is not dispositive of this case. I do believe that it is distinguishable from this case. I agree that the word Castleman appears in your brief but without a serious attempt to show how your position is consistent with the Supreme Court's. I did not analyze how Castleman itself is distinguishable from this case in the brief. However, I believe that under both the categorical method and modified categorical approaches, it's our position that Castleman is different from Mr. Swinton's position and Castleman is not dispositive in the sense that I refer back to the statute that the statute makes distinguishing between two different types of actions. And I think in Castleman, while that is the holding, the facts under Castleman dealt with poisoning. And I believe that includes an element of force to it. There's no element of force in Mr. Swinton's case. So that's our position why Castleman itself is not dispositive here. Mr. Adams, how does the subsequent domestic violence determination factor into your argument? The fact that that was a determination made by the state court and implicated an Indiana statute, which has got its own language, does that make your argument change versus if that had not occurred? No, Your Honor, because under that judicial estoppel argument, this is in a different jurisdiction, a different sovereign. If this was in the state court, I don't believe Mr. Swinton would have a basis to challenge it. However, he couldn't have waived any issues in this court, in the federal court, because it had not been ripe yet. It had not been presented to him under the federal. Are you saying the judicial estoppel doesn't count between federal and state courts? I think under this case it does not. That's not my question. Are you saying more generally judicial estoppel is not available as between the two different court systems? Yes, because there are two different sovereigns. If Mr. Swinton would have been found— Do you have any authority to that effect? I do not have any authority to that. I can supplement my argument after today, but I would argue that after— if Mr. Swinton was found not guilty in the state court of possessing of a firearm, he could not then go in the federal court and decide to charge him. He could not then appear in the federal court and say, well, there was already a finding of not guilty. By analogy, I would say that that is— You're not making a double jeopardy argument? I'm not making a double jeopardy argument. We're talking about gaining a benefit in the one court by getting the dismissal of some other charges by saying this is a crime of domestic violence and then turning around in the federal court and saying, no, it's not. So it's a crime of domestic violence under the Indiana statute, how the Indiana defines it. Is there a difference in the standards? I believe there is. What's the difference? I believe that under the federal standard, it's a use of force issue. And in the state court, I don't believe they decided whether or not use of force was a central element in there. It's under the statute and under the domestic violence determination that the state court made Mr. Swinton sign as part of his plea agreement. I believe that's a different—there are different jurisdictions. There's different analysis. There's a different analysis in the state court. There's a different analysis under the federal system. Judge Hamilton asked you a concrete question, which I wish you would address, which is how the federal statute's definition differs from the state definition, particularly since the state definition reads it has as an element the use of physical force or threatened use of a deadly weapon. Right. Well, under—if we analyze it under the federal system, there is no use of force under the statute to which Mr. Swinton pled guilty. So our argument is that is what the difference is. It's the rude or insolent manner, and there is no force or use of force as opposed to subsection 1, which includes touching— Okay. So that's where we're back to Castleman then? Yes. Okay. Good. Thanks. If the court has no further questions, we would ask that this court— Thank you, Mr. Adams. Thank you. Mr. McGrath. Good morning, Your Honors. May it please the court. Jason McGrath on behalf of the United States of America. When Mr. Swinton was convicted of spitting in the face of his pregnant ex-girlfriend, he committed a misdemeanor crime of domestic violence and became prohibited under Section 922G9 from possessing a firearm. The district court properly denied Mr. Swinton's motion to dismiss. Now, while they did not apply the categorical approach in its analysis and its ultimate disposition of Mr. Swinton's motion and imply the judicial estoppel doctrine instead, this court is well within its purview to affirm the district court under the grounds of the categorical approach as well as the court's application of judicial estoppel. Mr. McGrath, I have to say I feel like I share the district judge's instinct about judicial estoppel in this case, given the history and indications of what happened in state court. I'm troubled by the invocation of it. As I understand judicial estoppel, it's a discretionary doctrine. We've said that repeatedly, and it just seems odd to me to think that a district judge has discretion to decide whether a defendant's conduct amounts to a federal crime or not. Maybe I'm missing something. Your Honor, when the district court applied that doctrine, I think it was something to pursue the simplest solution as dispositive of Mr. Swinton's case. It took the position that Mr. Swinton had made patently different arguments between the state court and the federal court and ultimately just wanted to vindicate those prior judicial proceedings. Ultimately, the government argued- What's wrong with inconsistent arguments? I'm sorry, Judge? What's wrong with inconsistent arguments? Well, the inconsistency between the position that he took in state court is- Yes, what's wrong with inconsistent arguments? That's my question. There's actually a provision in the rules of civil procedure saying inconsistent pleadings are allowed, and inconsistent arguments in federal criminal cases are perfectly common, as in, I didn't do it, and if I did, I was entrapped, and so on. I understand, Your Honor. I think what's wrong and why the judicial estoppel doctrine was used in this case is Mr. Swinton concretely admitted to a particular element of his offense, which is- His problem is he got a benefit from taking that position. He did get a benefit. That's the key part of judicial estoppel. He received consideration in his plea agreement as far as the sentencing goes, as far as other more serious charges being dismissed, and is now seeking to curtail that benefit or, I guess, use that benefit to his advantage in federal court by removing himself from a class of prohibited persons. But ultimately, to Your Honor's previous question in this judicial estoppel, I think when the government made its initial argument to the district court- I haven't tried to find this out, but does Indiana have a body of precedent about the meaning of crimes of violence, anything like the Supreme Court? They seem obsessed with it over the past 15 years. The Supreme Court?  Yes. I'm referring to just the modified categorical approach, which is something that causes the mind to rebel, even as you say it. It's either categorical or it isn't. But there we have modified categorical. Crime of violence. The Supreme Court keeps talking about it. Does Indiana have a body of precedents, anything like that? Your Honor, I am not aware of that precedent, but I can supplement my brief if the court so orders. We can look. We'll look. They did, however, track the federal definition, correct? Yeah. Can you repeat your question? They did track- the Indiana legislature tracked the federal definition of a crime of domestic violence, correct? Yes. In the year- I believe the law in Indiana on domestic violence issues continues to evolve. But in the year 2016, when that statute was enacted, the year where Mr. Swinton was convicted, yes, the crime of domestic violence was defined in the same way as section 921A33, as far as the use of force or the use of deadly weapon or the attempted use thereof, and the protected class of people. Mr. McGrath, the idea of categorical approach, the analysis of it, arguments with regard to it, it was ventilated below Documentaries 34 to 37. It was something that was discussed. It was just that the district court's opinion ended up going in the direction of judicial estoppel. Is that fair? Yes, that's fair, Judge. And going back to Judge Hamilton's question before, that is what the government's primary argument was when defending against the motion to dismiss that the categorical approach and the application of Castleman was the appropriate disposition of the case. And ultimately, the record is full of documents, the legal argument, the ability for the court to decide on that issue as well, as far as the district court's ultimate decision to deny Mr. Swinton's motion to dismiss. And just looking at Mr. Swinton's statute of conviction, as far as the placement of bodily fluid on a family household or member, the Castleman case completely forecloses the defendant's claim because that defines physical force in the context of a misdemeanor crime of domestic violence and a conviction under 922G9 for the slightest use of physical force. And if we're looking at the spectrum of physical force, slightest being at the very end, the elements in Mr. Swinton's prior conviction show that he had to have unequivocally used the slightest bit of force in effectuating his crime. And he's ultimately, as stated and as the court knows, was convicted of section 922G9, making his prior conviction a crime of domestic violence. And this can be done by just basically using the traditional categorical approach as opposed to the modified, which is also available for the court's consideration, given the divisibility of the statute. Now, if there are any questions, any further questions from your honors, I'll yield the rest of my time. I see none. Thank you. Thank you, Mr. McGrath. Anything further, Mr. Adams? Okay, well, Mr. Adams, the court appreciates your willingness to accept the appointment in this case. The case is taken under advice.